## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SANDRA V. CALDRELLO,

*Plaintiff*,

v.

WELLS FARGO BANK, N.A, et al.,

*Defendants*.

No. 3:24cv268(MPS)

## <u>RULING ON PENDING MOTIONS</u>

The plaintiff sues Wells Fargo Bank, N.A, Wells Fargo Home Mortgage, Brock Scott, Fannie Mae, K&L Gates LLP, Mortgage Electronic Registration Systems, Inc. ("MERS"), and Seyfarth Shaw LLP, for actions occurring before and during Wells Fargo's foreclosure of her property in state court proceedings. She alleges a raft of claims, most of which she has raised before in state court and U.S. Bankruptcy Court proceedings involving essentially the same dispute. The defendants have moved to dismiss, and the plaintiff has filed objections, one of which she mislabeled as a "motion to dismiss the motion to dismiss." ECF No. 57; see also ECF Nos. 25, 29, 31, and 54 (defendants' motions) and ECF Nos. 34, 44, and 47-50 (plaintiff's objections). As explained below, the Court lacks jurisdiction over some or all of the plaintiff's claims; none of the claims pleads a cognizable cause of action; and allowing the plaintiff to replead would be futile. So the Court GRANTS the motions to dismiss, dismisses the case with prejudice, and directs the Clerk to close this case.

The Court assumes the reader's familiarity with (1) the parties' motions and objections and (2) previous decisions by the Connecticut Superior Court, Connecticut Appellate Court, and U.S. Bankruptcy Court in earlier versions of this dispute.

*1.  The Court Lacks Jurisdiction*

Defendants Seyfarth Shaw and Fannie Mae have moved to dismiss under Fed. R. Civ. P. 12(b)(5) on the ground that they were not properly served.  (ECF Nos. 25 and 29.)  The plaintiff has not disputed this and has submitted no evidence to the contrary.  Indeed, there is no evidence on the docket at all of service on any defendant.  Absent proper service, a district court lacks personal jurisdiction over a defendant.  So the Court lacks jurisdiction over the plaintiff's claims against Seyfarth Shaw and Fannie Mae.

Other jurisdictional doctrines bar at least some of the plaintiff's claims against *all* defendants.  First, in her complaint, the plaintiff seeks an order from this Court "stop[ping] … all of the state proceedings in the foreclosure."  ECF No. 1 at 4.  To the extent any proceedings are ongoing in state court, both the Anti-Injunction Act, 28 U.S.C. § 2283, and the *Younger* abstention doctrine deprive this Court of any authority to grant this relief to the extent the plaintiff's claims are based on federal law.  *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state court proceedings").

Second, as the defendants explain in their briefs, the plaintiff's allegations, together with judicially noticeable docket entries and decisions of the other courts that have adjudicated this dispute, make clear that the *Rooker-Feldman* doctrine also strips this Court of jurisdiction over some of the plaintiff's claims, in particular, the claims that invite review of the state court's foreclosure judgment.  "*Rooker-Feldman* directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites [federal] court

review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) (internal quotation marks omitted). *Rooker-Feldman* does not apply, however, to the plaintiff's damages claims, which include a claim for "damages for the wrongful foreclosure by a party who did not have a legal interest in the note" and "sanctions on Wells Fargo for vexatious litigation."[1] *See Vossbrinck v. Accredited Home Lenders, Inc.,* 773 F.3d 423, 427-28 (2d Cir. 2014) (noting that claims seeking damages against mortgagee for alleged "fraud" in the foreclosure action were not barred by *Rooker-Feldman* because they did not require the federal court to sit in review of the state court judgment but affirming dismissal of those claims on collateral estoppel and other grounds).

Because the Court does have jurisdiction over some of the plaintiff's claims against the defendants other than Seyfarth Shaw and Fannie Mae, and because the plaintiff may try to assert the same claims in the future against those two defendants, the Court will go on to consider whether the plaintiff has pled any plausible claims, all of the defendants having also moved to dismiss under Rule 12(b)(6). As discussed below, the Court concludes that she has not. Further, as the plaintiff is *pro se*, and because she might seek to amend her complaint to overcome the obstacles identified in this decision, the Court will go further and consider whether it would be futile to permit her to amend her complaint because, even if the Court gave her another opportunity to do so (despite its earlier order stating that she would not be given further opportunities, ECF No. 33), she will not be able to plead plausible claims.

2.   *The plaintiff has not pled plausible claims and repleading would be futile*

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine

---

[1] The Court liberally construes the term "sanctions" to mean "damages" because it cannot award sanctions for litigation misconduct that took place in another court.

whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all of the complaint's factual allegations, *id.*, and must "draw all reasonable inferences in favor of the non-moving party," *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (citation omitted).

Although a *pro se* complaint must be liberally construed "to raise the strongest arguments it suggests," *pro se* litigants are nonetheless required to "state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal quotation marks, citations, and alterations omitted).

In its review of a motion to dismiss for failure to state a claim, the Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). The Court can take judicial notice of docket sheets, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006), and of "decisions and submissions filed in prior lawsuits." *Wang v. Palmisano*, 51 F. Supp. 3d 521, 529 (S.D.N.Y. 2014).

The Court accepts the following factual allegations as true for purposes of this motion.

The plaintiff is suing for "violation of [her] civil rights by a wrongful disclosure and securities fraud by Wells Fargo …." ECF No. 1 at 2. She entered into a mortgage with World Savings Bank in February 2007. Records from the state court foreclosure action make clear that the mortgage pertained to a property she owned in New London, Connecticut. *See Wells Fargo Bank N.A. v. Caldrello*, KNL-CV12-6014902-S, Entry No. 221.50.

The plaintiff's property "went into foreclosure in 2012," and World Savings Bank was previously purchased by Wachovia, which merged into Wells Fargo in 2008. ECF No. 1 at 2. The plaintiff "found that the note was sold in 2007" to Fannie Mae and later, during the state court foreclosure litigation, Wells Fargo "denied and fraudulently concealed that the note was sold to Fannie Mae" and "state[d] that it was the owner and servicer of the note." *Id.* "A few weeks ago," the plaintiff "discovered that Fannie Mae was "the secured party for World Savings Bank." *Id.* World Saving Bank was a "member of the Federal Home Loan Bank" of San Francisco," "a Fannie Mae … spons[o]r." *Id.* at 4.

The note has no endorsement and was converted into a mortgage-backed security without the plaintiff's knowledge. *Id.* at 2. Wells Fargo paid no consideration for the note, transferred it without value, and failed to register the note as a security. *Id.* Wells Fargo also "misused" "HAMP" and "TARP" funds, and the plaintiff received no loan modification. *Id.*

The plaintiff claims that Wells Fargo violated the False Claims Act by accepting payments on her note even though Fannie Mae owned the note. She also alleges that a succession of lawyers representing Wells Fargo in the foreclosure action and the subsequent bankruptcy proceedings - Brock & Scott, Seyfarth Shaw, and K&L Gates - made false statements to the court, or submitted false affidavits to the court, stating incorrectly that Wells Fargo owned

the note.  The plaintiff cites various legal provisions in her complaint, including the False Claims

Act, the First, Fifth, and Fourteen Amendments to the U.S. Constitution.

The plaintiff's constitutional claims fail because she does not allege any restrictions on

her speech, any way in which her due process rights have been violated, or any other violations

of the First, Fifth, and Fourteen Amendments.  In addition, because each of those provisions

requires action by the state or the federal government and the plaintiff has failed to identify any

such action, there is nothing she can allege in any amended pleading that would state a claim

under any of these provisions.  *See, e.g., Smully v. Mutual of Omaha Bank*, 2017 WL 3444782, at

*6 (D. Conn. Aug. 10, 2017) (finding Fannie Mae was not a government actor and citing cases).

The plaintiff's claim under the False Claims Act, 31 U.S.C. § 3729, fails because she

does not identify any claim for payment submitted to the federal government by any defendant.

*Universal Health Services, Inc. v. United States*, 579 U.S. 176, 182 (2016) ("focus [of FCA]

remains on those who present or directly induce the submission of false or fraudulent claims.  A

'claim' … includes direct requests to the [federal] Government for payment as well as

reimbursement requests made to the recipients of federal funds under the federal benefits

programs." (internal citation omitted)).  So even if one or more defendants had made false

statements in the state court foreclosure proceeding, that would not violate the False Claims Act.

Also, as the defendants point out, the Second Circuit has held that private *pro se* parties may not

sue under the False Claims Act, which requires that claims be asserted as a relator on behalf of

the United States.  *U.S. ex rel. Mergent Services v. Flaherty*, 540 F.3d 89 (2d Cir. 2008).  And

because the foreclosure by a private party of a mortgage of private property does not in any way

involve the submission of a claim for payment to the federal government, it would be futile to

allow the plaintiff to re-allege this claim, even if counsel appeared to represent her.

The plaintiff also mentions "securities fraud" and "bank fraud."  Bank fraud is a federal crime, *see* 18 U.S.C. § 1344, and there is no private cause of action under the bank fraud statute. *See Atkins-Payne v. Dime Sav. Bank*, 2015 WL 4882495, at \*3 (E.D.N.Y. Aug. 14, 2015) ("Even construing the complaint liberally as alleging that defendants David and O'Donnell defrauded plaintiff of rental payments, and notwithstanding her citation to the FDIC and a federal criminal statute outlawing bank fraud, 18 U.S.C. § 1344, the amended complaint alleges no facts to suggest that defendants violated plaintiff's constitutional rights or violated any federal statute under which she has a private cause of action.  As to the bank fraud criminal statute to which plaintiff cites, 18 U.S.C. § 1[34]4, private citizens cannot instigate criminal prosecutions. Criminal prosecutions are within the exclusive province of the prosecutors who have unreviewable discretion over prosecutorial determinations.").

While there is a private cause of action for securities fraud, the plaintiff has not — and cannot — plead the elements of that cause of action because she does not allege that she purchased the note-become-mortgage-backed-security or any other security.  *See Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809-10 (2011) ("The elements of a private securities fraud claim based on violations of § 10(b) and Rule 10b–5 are: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) *a connection between the misrepresentation or omission and the purchase or sale of a security*; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." (emphasis added)).  It would likewise be futile to allow the plaintiff to replead this claim because this case does not involve the purchase of securities by the plaintiff.

That leaves the plaintiff's cause of action for "wrongful foreclosure."  First, a decision of this Court and Connecticut trial court decisions indicate that Connecticut law does not recognize

a claim (as opposed to a defense) of wrongful foreclosure. *See Peterson v. Wells Fargo N.A.*, 2022 WL 972415, at *24 (D. Conn. Mar. 31, 2022)(citing cases). Second, even if such a cause of action exists, it is difficult to see how Fannie Mae could be a proper defendant in such an action, as the plaintiff alleges that Wells Fargo, rather than Fannie Mae, foreclosed on her property. The same is true of the lawyers the plaintiff has sued. She alleges that they "aided and abetted" Wells Fargo, but the Court has found no court decision recognizing a cause of action for "aiding and abetting wrongful foreclosure."

Could the plaintiff bring any cause of action in this Court against any of the defendants if, as she alleges, Wells Fargo falsely represented to the Connecticut Superior Court in the mortgage foreclosure action that it was the holder of the note? Not in this case. The earlier rulings in this dispute by the Connecticut Superior Court, the Connecticut Appellate Court, and the U.S. Bankruptcy Court make this clear.

In 2016, the Connecticut Superior Court granted Wells Fargo's motion for summary judgment in its foreclosure action and dismissed the plaintiff's counterclaims. After carefully examining the evidence presented by the parties, the court found that Wells Fargo owned the note, that it had not been paid, and that the plaintiff had failed to raise any genuine dispute of material fact about this. The court also rejected the plaintiff's claims that Wells Fargo had breached the contract comprised of the note and mortgage by selling the note without notice to her. See ECF No. 26-2.

In a thorough opinion released in 2019, the Connecticut Appellate Court affirmed the trial court's judgment. *Wells Fargo Bank, N.A. v. Caldrello*, 192 Conn. App. 1 (2019). In doing so, the court rejected the plaintiff's arguments that the note was sold to Federal Home Loan Bank of San Francisco, which the plaintiff here alleges was a "sponsor" for Fannie Mae, and that the

securitization of the note or that any party's taking a security interest in the assets of World Loan changed the fact that Wells Fargo owned the note when it initiated the foreclosure action.  *Id.* at 25.  The court also found that, despite advancing many of the same theories she advances here, the plaintiff "presented no evidence that some entity other than [Wells Fargo] owned the note at the time this action was commenced or at any time thereafter."  *Id.* at 29-30.  The court also rejected the plaintiff's remaining claims as inadequately briefed or unsupported by a proper record.  *Id.* at 33-35.

Finally, in 2022, the bankruptcy court dismissed the plaintiff's complaint against Wells Fargo in the adversary proceeding in her Chapter 13 bankruptcy, finding that "Caldrello's Complaint is yet another chapter in an unrelenting, abusive, and frivolous crusade, which has called or resources from multiple courts, to overturn final state court judgments of foreclosure that were fully litigated and rendered against her."  ECF No. 26-1 at 1.   After finding that it lacked jurisdiction over the complaint under the *Rooker-Feldman* doctrine, the court went on to note that the collateral estoppel or issue preclusion doctrine would in any event bar her relitigating the issue of whether Wells Fargo owned the note when it commenced the foreclosure action, because that issue had been fully and fairly litigated in state court and resolved against her.  *Id.* at 12-13.  It also found that the doctrine of res judicata or claim preclusion barred new claims she was attempting to raise based on Wells Fargo's alleged false statements, breach of contract, and securities fraud.  *Id.* at 14.

For all the same reasons cited by the bankruptcy court, it is clear that the plaintiff had a full and fair opportunity to litigate in the state court proceedings, the issue of Wells Fargo's ownership of the note she is once again attempting to raise is identical to the one that was actually litigated and actually decided against her in state court, and the resolution of that issue

was necessary to support the state court judgment. *See* ECF No. 26-1 at 12. There is no point in repeating the bankruptcy court's analysis or legal citations here. The plain applicability of collateral estoppel bars the plaintiff from relitigating the ownership of the note and the closely related issues of whether Wells Fargo accurately informed the state courts that it was the owner of the note. By the same token, the plain applicability of res judicata bars her from relitigating any claims she raised or could have raised in the state court, which includes all the claims discernible in her complaint.

### 3. Conclusion

There is no discernible possibility the plaintiff could plead cognizable claims arising from the foreclosure of her property that would not be barred by preclusion doctrines. The defendants' motions to dismiss (ECF Nos. 25, 29, 31, and 54) are granted to the extent described in this ruling, and the plaintiff's "motion to dismiss" (ECF No. 57) is denied. The Court dismisses the complaint with prejudice, denies leave to amend, and - in light of the lengthy history of this litigation in which the plaintiff appears to be using the legal process itself to delay her foreclosure by raising the same claims previous courts have rejected – the plaintiff is ORDERED to show cause within 21 days of this ruling why the Court should not enjoin her from bringing further actions in the District Court based on the foreclosure of her property.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
      October 4, 2024