# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SANDRA V. CALDRELLO,

    *Plaintiff*,

    v.                                                   No. 3:24cv268(MPS)

WELLS FARGO BANK, N.A, et al.,

    *Defendants*.

## LEAVE-TO-FILE INJUNCTION

The Court imposes a Leave-To-File Injunction enjoining the Plaintiff from bringing further actions in the District Court based on the foreclosure of her property.

## I.    Procedural History

In 2012, a foreclosure action was filed in state court against the plaintiff's New London property. Since that time, she has been litigating against foreclosure alleging principally that Wells Fargo Bank is not the owner of the mortgage note and that it, along with various others, concealed the real owner of the note. The plaintiff has persistently pressed this claim, and others, in Connecticut Superior Court, the Connecticut Appellate Court, and the U.S. Bankruptcy Court and has had a full and fair opportunity to litigate her claims.[1] In 2024, the plaintiff filed this action on the same grounds. On October 4, 2024, I dismissed the complaint in this action with prejudice, denied leave to amend, and stated that in light of the lengthy history of this litigation, in which the plaintiff appears to be using the legal process itself to delay her foreclosure by raising the same claims previous courts have rejected, the plaintiff was ordered to show cause why the Court should

---

[1] The Court assumes the reader's familiarity with (1) the ruling on the motions to dismiss in this case, ECF No. 59, and (2) previous decisions by the Connecticut Superior Court, Connecticut Appellate Court, and U.S. Bankruptcy Court in earlier versions of this dispute.

not enjoin her from bringing further actions in the District Court based on the foreclosure of her property.  ECF No. 59.  On October 28, 2024, she filed a response, ECF No. 69, and additional materials on November 4 and 5, 2024.  ECF Nos. 70, 71.

The plaintiff's submissions wholly fail to respond to the Court's Order directing her to show cause why the Court should not impose a leave-to-file injunction.  Rather, she merely reiterates her arguments that Wells Fargo Bank is not the real party in interest and therefore the loan should not have been foreclosed, attaching various documents she asserts support her argument that Wells Fargo deceived the Court and her about owning the note.  She contends that Wells Fargo did not have the right to foreclose, that the attorneys involved have misrepresented the facts, and that the Judges "have been negligent with judicial error," and she "request[s] permission" to make further filings in support of her argument.  ECF No. 69 at 16.

## II.    DISCUSSION

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984).  "That the district court possesse[s] the authority to enjoin [a litigant] from further vexatious litigation is beyond peradventure." *Safir v. U.S. Lines, Inc*., 792 F.2d 19, 23 (2d Cir. 1986).  In determining whether to exercise that authority, the Court is required to consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* at 24. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

The Court finds as follows:

1.  The plaintiff has filed multiple challenges to the foreclosure of her property, recycling her argument that Wells Fargo is not the real holder of the note.  This argument, as well as her other challenges, has been exhaustively addressed by this court, the Connecticut state courts, and the Bankruptcy Court, which found that her complaint "is yet another chapter in an unrelenting, abusive, and frivolous crusade, which has called on resources from multiple courts, to overturn final state court judgments of foreclosure that were fully litigated and rendered against her." ECF No. 26-1 at 1.

2.  As to the second factor, the plaintiff lacks an "objective good faith expectation of prevailing," *Safir*, 792 F.2d at 24, and her motivation in pursuing the litigation cannot be said to be in good faith.  Indeed, her response to the Order to Show Cause itself notes that other courts have characterized her challenge as frivolous.   ECF No. 69 at 13; ECF No. 71 at 3.

3.  The plaintiff is self-represented.

4.  The plaintiff has caused needless expense to other parties and has posed an unnecessary burden on the courts and their personnel by her repetitious and frivolous filings.

5.  Other sanctions would not be adequate to protect the court and other parties.

The *Safir* factors weigh in favor of issuing a leave-to-injunction. Accordingly, it is hereby **ORDERED** that

**SANDRA CALDRELLO** is **PERMANENTLY ENJOINED** from bringing any future case in the District of Connecticut regarding the foreclosure of her property on Pequot Avenue in New London Connecticut unless she first obtains the Court's permission.

In seeking leave of the Court, Ms. Caldrello or any individual or entity acting for her, or at her behest, shall:

1. file a motion of no more than 2 pages captioned "Application Pursuant to Court Order Seeking Leave to File." She shall attach to her motion as "Exhibit 1" the complaint or document she seeks to file. She shall also attach as "Exhibit 2" to the motion an affidavit or a declaration pursuant to 28 U.S.C. § 1746 of no more than 3 pages certifying whether she has previously raised in any court, agency, tribunal, committee, or other forum the claim(s) she wishes to present. She shall also attach as "Exhibit 3" to the motion a copy of this Order.

2. This requirement shall not apply to notices of appeal. Nothing in this Order shall be construed as denying Ms. Caldrello access to the United States Courts of Appeals.  Ms. Caldrello may file an appeal of this order to the Court of Appeals.

The Clerk of the Court shall not file any submission from Ms. Caldrello of any kind (with the sole exception of a notice of appeal from this order) but shall first provide such document to the assigned judge to determine whether it violates this Order.

Failure to comply with this Order will be sufficient grounds for this Court to deny any motion by Ms. Caldrello for leave to file.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
      November 6, 2024